**LAW OFFICES OF DAVID CARLEBACH, ESQ.**
David Carlebach
55 Broadway
Suite 1902
New York, NY 10006
Tel: (212) 785-3041
Fax: (347) 472-0094
Email: david@carlebachlaw.com

*Attorney for the Debtors*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------x

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **BRINTON TOWERS REALTY, LLC** | **Case No. 15-44289 - ESS** |
| **Debtor.** | |

-------------------------------------------------------x

### SECOND AFFIRMATION OF HARRY KANTOR
### WITH RESPECT TO DEBTORS' BANK ACCOUNTS

Harry Kantor,[1] affirms under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.       I am the manager of Brinton Manor Realty, LLC ("Manor") and Brinton Towers Realty, LLC ("Towers"), the above-captioned debtors and debtors-in-possession (individually a "Debtor" and together, the "Debtors"), and as such, I have personal knowledge of the statements contained herein.

2.       On June 1, 2015 (the "Manor Petition Date"), Manor filed a petition in the United States Bankruptcy Court for the Eastern District of New York (the "Court") seeking an Order for relief under the protective provisions of Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§101 et seq. (the "Bankruptcy Code"). On September 18, 2015 (the "Towers Petition Date"), Towers filed a petition in the Court also seeking an Order for relief under the protective provisions of the Bankruptcy Code.

---

[1] I am also known as Aron Kantor.

3.    I submit this affirmation (a) in response to the direction of the Court made by order, entered November 19, 2015 (ECF Doc. 71, the "Scheduling Order") directing the Debtors, among other things:

> to commence compliance with the cash management requirements set out in Bankruptcy Code Section 363(c)(4), the Bankruptcy Rules and the Local Bankruptcy Rules immediately, including but not limited to the requirement to "segregate and account for any cash collateral" and operate exclusively out of bank accounts with financial institutions that comply with the reporting and collateralization requirements of the United States Trustee; and . . .
>
> to file an affidavit or affirmation describing the steps that the Debtor has undertaken to bring its operations into compliance with the cash management requirements of Bankruptcy Code Section 363(c)(4), the Bankruptcy Rules, and the Local Bankruptcy Rules by November 25, 2015 at 10:00 a.m.

4.    By affirmation, dated November 18, 2015 (ECF Doc. No. 70-2, the "November 18 Affirmation"), in support of the Debtors' request for an order authorizing the Debtors to maintain certain of their existing bank accounts, I set forth among other things, the Debtors' use of their bank accounts.

5.    As set forth in the November 18 Affirmation, on their respective Petition Dates, the Debtors had the following bank accounts:

| A/N | Type of Account | Debtor | Location |
|---|---|---|---|
| ▇4459 | Deposit Only (Rent Checks) | Manor | Chase Bank[2] |
| ▇4798 | Checking (Deposit Account for HUD payments) | Manor | Chase Bank |
| ▇3476 | DIP | Manor | TD Bank[3] |
| ▇4434 | Deposit Only (Rent Checks) | Towers | Chase Bank |
| ▇4806 | Checking (Deposit Account for HUD payments) | Towers | Chase Bank |
| ▇7777 | DIP | Towers | TD Bank |
| ▇7832 | Petty Cash | Manor | Chase Bank |
| ▇8046 | Petty Cash | Towers | Chase Bank |

[2] All Chase Bank locations are at: 75 E. Kennedy Blvd., Lakewood, NJ 08701.
[3] All TD Bank locations are at: 1601 Madison Ave., Lakewood, NJ 08701.

| ████8451 | Tenant Security (Deposit Only) | Manor | Chase Bank |
| ████5673 | Tenant Security (Deposit Only) | Towers | Chase Bank |

6. Chase Bank accounts 4459, 4798 and 4434 and 4806 are "deposit only" accounts (the "Deposit Accounts"). They are used solely for (a) tenant rent checks and (b) deposits from HUD. No disbursements are typically made from these accounts other than to the Debtors.

7. Chase Bank accounts 4459 and 4434 to DIP accounts at TD Bank will be administratively difficult because those accounts are linked by scanners to Chase Bank. When tenants pay their rent at the Debtors' office, their checks are scanned and the image is sent to Chase Bank where the funds are deposited. Changing that system to a TD Bank system will involve considerable administrative delay and will likely cause cash flow issues for the Debtors. Changing Chase Bank accounts 4798 and 4806 will take, at a minimum, 30 days before HUD is able to make the necessary changes, causing unnecessary post-petition cash flow issues for the Debtors.

8. Periodically, the Debtors transfer funds from the Deposit Accounts to accounts 3476 and 7777 at TD Bank to be used for operating expenses.

9. On November 18, 2015, I transferred all of the funds held in accounts 4459, 4798, 4434 and 4806, to DIP accounts at TD Bank (3476 and 7777, respectively). Proof of those transfers is attached hereto as Exhibit A.[4]

10. On November 24, 2015, I transferred all funds in account 7832, 8046, 8451 and 5673 to DIP accounts at TD Bank.

---

[4] As shown on Exhibit A, for Manor I first transferred all funds in account 4459 to account 4798 and then transferred those funds to DIP account 3476. For Towers, I first transferred all funds in account 4434 to account 4806 and then to DIP account 7777.

11.    The Debtors' only remaining open bank accounts that are not debtor-in-possession accounts are the Deposit Accounts. The Debtors have requested, and the Court has scheduled, a hearing currently scheduled for December 1, 2015 to determine whether the Debtors should be granted an exemption from the US Trustee bank account requirements to allow the Deposit Accounts to remain open to accept deposits only.

Dated: New York, New York
      November 24, 2015

                                                           /s/ *Harry Kantor*
                                                         Harry Kantor